IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **American Electric Power Company, Inc.**<br>1 Riverside Plaza<br>Columbus, Ohio 43215<br><br>               Plaintiff,<br><br>v.<br><br>**Radiall USA, Inc.**<br>8950 S. 52nd Street, Suite 401<br>Tempe, Arizona 85284<br><br>               Defendant. | Case No. 2:22-cv-04300<br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND UNJUST ENRICHMENT**

Plaintiff, American Electric Power Company, Inc. ("AEP" or "Plaintiff" herein), by and through its counsel and for its complaint, hereby alleges as follows against Defendant Radiall USA, Inc. ("Radiall" or "Defendant" herein):

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin and unfair competition, deceptive trade practices, and unjust enrichment under federal law and under the statutory and common law of the state Ohio.

2. Plaintiff brings this action to prevent and halt consumer confusion and mistake as to the source, affiliation or sponsorship of Plaintiff's services on one hand, and Defendant's goods and services on the other hand, stemming from the infringement of Plaintiff's AEP

1

trademarks and acts of false designation of origin and unfair competition, deceptive trade practices, and unjust enrichment by Defendant.

3. Plaintiff seeks preliminary and permanent injunctive relief as well as monetary relief for Defendant's infringement of Plaintiff's trademark rights and Defendant's acts of false designation of origin and unfair competition, deceptive trade practices, and unjust enrichment.

## THE PARTIES

4. Plaintiff American Electric Power Company, Inc. is a New York corporation having its headquarters at 1 Riverside Plaza, Columbus, Ohio 43215.

5. Upon information and belief, Defendant Radiall USA, Inc. is an Arizona corporation having a business address of 8950 S. 52nd Street, Suite 401, Tempe, Arizona 85284.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement, false designation of origin, and unfair competition, under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for deceptive trade practices, trademark infringement, and unjust enrichment under the statutory and common law of the state of Ohio.

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant because Defendant is continuously, systematically, and substantially present within Ohio and this judicial district.

9. Upon information and belief, Defendant sells its products within Ohio and within this judicial district, and otherwise transacts business within Ohio and within this judicial district.

10. Upon information and belief, a substantial portion of the acts alleged in this complaint have occurred in this district. Thus, pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this judicial district.

**FACTUAL ALLEGATIONS**

11. Plaintiff became the American Electric Power Company in 1958, upon renaming of the American Gas and Electric Company, which was founded in 1906.

12. Plaintiff has numerous subsidiary operating companies in various states where it does business, which are involved in the generation, transmission, and distribution of electrical energy.

13. Plaintiff is one of the largest electric utilities in the U.S. Through its subsidiaries, Plaintiff has an electrical energy generation capacity sufficient to supply approximately 26 million customers, and an electricity transmission network that stretches more than 40,000 circuit miles and includes more than 219,000 miles of distribution lines.

14. Plaintiff's subsidiaries currently serve nearly 5.5 million customers in 11 states, including Arkansas, Indiana, Kentucky, Louisiana, Michigan, Ohio, Oklahoma, Tennessee, Texas, Virginia and West Virginia.

15. Plaintiff's subsidiary AEP Energy, Inc., an energy advisor and supplier for residential, small business and commercial customers, further operates in five additional states, Delaware, Illinois, Maryland, New Jersey, and Pennsylvania, as well as in Washington D.C.

16. When various other competitive business units of Plaintiff and its subsidiaries are considered, Plaintiff and its subsidiaries are active in at least 31 states.

17. In addition to traditional natural gas-fired and coal-fired power plants, Plaintiff, through certain subsidiaries, owns and/or operates wind generation and solar generation facilities.

18. Plaintiff, through certain subsidiaries, owns and operates the Traverse Wind Energy Center in Oklahoma, known to be the largest single-site wind generation farm built at one time in North America, and one of the largest facilities worldwide.

19. Since at least 1958, and prior to the existence of Defendant, Plaintiff and its subsidiaries have made continuous use of the mark AEP, as well as other marks containing "AEP", such as AEP ENERGY, in connection with a variety of services, including, but not limited to, energy generation, energy transmission, and energy advising (hereinafter the "Services") in interstate commerce.

20. Plaintiff and its subsidiaries use, and have used, the AEP mark on trucks and service vehicles, equipment, uniforms, signage, and business materials.

21. Plaintiff and its subsidiaries use, and have used, the AEP mark on websites such as www.aep.com, social media platforms, and in digital advertising.

22. Plaintiff's AEP mark is prominently displayed from the top of Plaintiff's 31-story headquarters (known as the "AEP Building") in downtown Columbus, Ohio.

23. Due to its longstanding use of the AEP mark in connection with the Services, consumers have come to readily recognize the AEP mark as identifying Plaintiff as the source of its Services.

24. Plaintiff has strong common-law rights in the AEP mark. Plaintiff has established a valuable reputation and goodwill in its AEP mark as a result of the long and continuous use and extensive promotion thereof of the AEP mark made by Plaintiff and its subsidiaries.

**Plaintiff's Registered Rights in AEP**

25. Plaintiff is the owner of numerous trademark registrations for marks that consist of or comprise its AEP mark, including, but not limited to, the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS AND SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| AEP (logo) | 1489672 | 039: public utility services in the nature of supplying electric power. | September 14, 1987 | May 24, 1988 |
| AEP | 2218188 | 039: electric energy related services in the nature of supplying, distributing and transmitting energy, power, and fuels for generating energy and power.<br><br>040: generating electricity | April 17, 1997 | January 19, 1999 |
| AEP (logo) | 2206605 | 039: electricity energy related services in the nature of supplying, distributing, and transmitting energy, power, and fuels for generating energy and power.<br><br>040: generating electricity | April 17, 1997 | December 1, 1998 |

| AEP | 2266249 | 039: public utility services in the nature of supplying, distributing, and transmitting electric power.<br><br>040: generating electricity | September 24, 1997 | August 3, 1999 |
|---|---|---|---|---|
| AEP | 2333897 | 042: consulting, engineering, testing and design services in the field of transmitting, supplying, marketing, distributing, generated and consumer use of power, energy fuels for generating power and energy. | January 16, 1997 | March 21, 2000 |
| AEP ENERGY | 4275851 | 035: Consultation in the field of energy efficiency; Consulting services in the field of energy efficiency for commercial and institutional facilities; Consulting services in the field of energy usage management and energy efficiency; Consulting | July 20, 2012 | January 15, 2013 |

6

| | | | | |
|---|---|---|---|---|
| | | services in the fields of energy consumption and usage conservation.<br><br>037: Installation of energy use management systems.<br><br>042: Design services in the field of energy usage management systems. | | |
| AEP ENERGY | 4275844 | 035: Retail electricity provider services that allow customers to purchase electricity; Retail electricity provider services that allow customers to purchase renewable energy. | July 17, 2012 | January 15, 2013 |

26. Attached hereto as Exhibits A - G are true and correct copies of Plaintiff's trademark registrations identified above, which are hereby incorporated by reference. Collectively, the registered AEP marks identified herein, and all other AEP marks used by Plaintiff and its subsidiaries, both consisting or comprising "AEP," both registered and unregistered, and including all common law rights therein, are referred to herein as the "AEP Marks."

**Defendant's Unauthorized Use of AEP**

27. Defendant is a manufacturer and supplier of various products including, without limitation, active optics, antennas, numerous types of connector and cable assemblies, and RF and microwave switches and components.

28. Upon information and belief, Defendant's products are provided by Defendant, whether directly or through distributors, to end customers in various industries, including the aerospace, defense, rail, medical, space, telecom, industrial, and test and measurement industries.

29. On December 20, 2019, Defendant filed U.S. Application No. 88/735,473 ("the '473 application") with the United States Trademark Office for the mark (hereinafter "AEP V").

30. The '473 application sought to register the AEP V mark in connection with the following goods in international class 009: "Coaxial cables, namely, connectors, cable connectors, bullet power adapters, radio frequency connectors, radio frequency cable assemblies."

31. The '473 application was filed on a use in commerce basis under Section 1(a) of the Lanham Act, and asserted a first use date of January 1, 1964.

32. The '473 application published for opposition on March 30, 2021.

33. On May 28, 2021, Plaintiff filed a Notice of Opposition against the '473 application with the Trademark Trial and Appeal Board (TTAB) (Opposition No. 91269590).

34. In its Notice of Opposition, Plaintiff asserted that the whole of the '473 application should be refused registration on the grounds of priority and likelihood of confusion under


Trademark Act Section 2(d) and dilution by blurring under Trademark Act Sections 2 and 43(c).

35. Defendant did not file an answer to Plaintiff's Notice of Opposition.

36. On April 15, 2022, the TTAB issued a Notice of Default against Defendant because no answer had been filed.

37. On June 2, 2022, the TTAB entered judgment by default against Defendant, and registration of the '473 application was refused.

38. The '473 application was accordingly abandoned on June 2, 2022.

39. Defendant has not obtained any federally registered right in any mark that consists of or comprises "AEP."

40. Upon information and belief, Defendant is no longer making active use of the  ("AEP V") mark.

41. Upon information and belief, Defendant recently began making use of the following AEP logo:



(herein the "Accused AEP Logo")

42. "AEP" is the prominent and most distinctive part of the Accused AEP Logo.

43. There is no literal element of the Accused AEP Logo that contains a "V."

44. Consumers viewing the Accused AEP Logo would not read it as "AEP V."

45. Consumers viewing Defendant's use of AEP apart from the Accused AEP Logo would also not read it as "AEP V."

46. Defendant makes use of AEP (sometimes with the logo and sometimes without) and the Accused AEP Logo (collectively referred to herein as the "Accused Marks") in a variety of ways, including on its website, its online catalog, and its handouts.

47. Defendant is making use of the Accused Marks in connection with at least RF (radio frequency) coaxial cables and connectors.

48. Defendant is making use of the Accused Marks in connection with products advertised for use in the generation, conductivity, or transfer of electrical energy.

49. For example, Defendant promotes that its products, including those advertised in connection with the Accused Marks, are designed and manufactured for power plants and wind farms.

50. Defendant's use of the Accused Marks began many years after Plaintiff and its subsidiaries began using the AEP Marks.

51. Upon information and belief, Defendant's use of the Accused Marks has expanded into additional product lines in recent years which has aggravated the infringement.

52. Defendant's use of the Accused Marks is without the permission or authority of Plaintiff.

**Defendant's Actions Damage Plaintiff and the Consuming Public**

53. Defendant's unauthorized use of the Accused Marks is likely to cause confusion, mistake, or deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendant's business with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or services.

54. Defendant's unauthorized use of Accused Marks falsely indicates to the purchasing public

that Defendant, its business, and its goods and services originate with Plaintiff (including Plaintiff's subsidiaries), or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff or are in some manner related to Plaintiff or its goods and services.

55. Defendant's unauthorized use of the Accused Marks falsely designates the origin of Defendant's goods or services, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods and services.

56. Defendant's unauthorized use of the Accused Marks enables Defendant to exploit the benefit and goodwill Plaintiff has built in its AEP Marks from great labor and expense over many years. It also allows Defendant to gain acceptance for its goods and services not solely on Defendant's own merits, but on the reputation and goodwill of Plaintiff and Plaintiff's goods and services.

57. Defendant's unauthorized use of the Accused Marks removes Plaintiff's ability to control the nature and quality of goods and services provided under its trademarks and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

58. Defendant's adoption and utilization of the Accused Marks in connection with products intended for the energy generation industry, in which Plaintiff provides its own services under the AEP Marks, exacerbates the harm caused to Plaintiff and consumers.

**Defendant's Wrongful Acts are Willful in Nature**

59. Defendant has known of Plaintiff's rights in the AEP Marks, as Plaintiff previously filed an opposition against the '473 application.

60. In that opposition, Defendant did not file an answer or otherwise formally contest

Plaintiff's claims before the Trademark Trial and Appeal Board.

61. Defendant now uses the Accused Marks, which are closer to Plaintiff's AEP Marks than the AEP V mark was.

62. Upon information and belief, Defendant's acts of infringement and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, in bad faith, and with full knowledge and conscious disregard of Plaintiff's rights in the AEP Marks.

63. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
### Federal Infringement of Registered Marks
### Under Section 32 of the Lanham Act (15 U.S.C. § 1114)

64. Plaintiff incorporates the preceding allegations as if fully set forth herein.

65. Defendant's use of the Accused Marks in connection with the advertising and sale of its goods is likely to confuse consumers into believing that Defendant's goods and services are provided by, sponsored by, connected to, affiliated with, or associated with Plaintiff (including Plaintiff's subsidiaries), when in fact they are not.

66. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered trademark rights, in violation of Section 32 of the Lanham Act, as codified in 15 U.S.C. § 1114.

67. Defendant's federal trademark infringement has damaged Plaintiff.

68. Pursuant to 15 U.S.C. § 1117(a), Plaintiff should be awarded Defendant's profits, its damages sustained, and the costs of the action.

69. Defendant's infringement has been willful and in bad faith, making this an exceptional case

under 15 U.S.C. § 1117(a) and entitling Plaintiff to its attorneys' fees.

70. Defendant has irreparably injured Plaintiff. Defendant will continue to irreparably injure Plaintiff unless this Court preliminarily and permanently enjoins Defendant from continuing to violate Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**Federal False Designation of Origin and Unfair Competition
Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125)**

71. Plaintiff incorporates the preceding allegations as if fully set forth herein.

72. The acts of Defendant complained of herein constitute false designation of origin and/or sponsorship and unfair competition in violation of Section 43(a) of the Lanham Act, as codified in 15 U.S.C. § 1125(a).

73. Defendant's acts of false designation of origin and/or sponsorship and unfair competition have damaged Plaintiff.

74. Defendant's acts of false designation of origin and/or sponsorship and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

75. Defendant's actions have irreparably injured Plaintiff. Defendant will continue to irreparably damage Plaintiff unless this Court preliminarily and permanently enjoins Defendant from continuing to violate Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

76. Plaintiff is entitled to a preliminary and permanent injunction against Defendant as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**Deceptive Trade Practices
(Under Ohio Revised Code § 4165.02)**

77. Plaintiff incorporates the preceding allegations as if fully set forth herein.

78. Plaintiff does not permit third parties to make use of its AEP Marks.

79. Defendant's acts as complained of herein cause a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff (including its subsidiaries), or certification by Plaintiff.

80. Defendant's acts create a likelihood of confusion or misunderstanding that Defendant's goods and services have the sponsorship, approval, or certification of Plaintiff when in fact neither Defendant nor its goods or services have sponsorship, approval or certification from Plaintiff.

81. Defendant's acts also create a likelihood of confusion or misunderstanding that the source of Defendant's goods and services is Plaintiff, when it is not.

82. Pursuant to Ohio Revised Code § 4165.03, Plaintiff is entitled to an injunction against Defendant's deceptive trade practices, damages stemming from Defendant's deceptive trade practices, and Plaintiff's reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Trademark Infringement**
**Under Ohio Common Law**

83. Plaintiff incorporates the preceding allegations as if fully set forth herein.

84. In addition to its registered trademark rights, Plaintiff has common law rights in AEP associated with energy generation, energy transmission, and energy advising.

85. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Ohio.

86. Defendant's acts of common law trademark infringement have damaged Plaintiff.

87. Defendant has irreparably injured Plaintiff. Defendant will continue to irreparably injure Plaintiff unless this Court preliminarily and permanently enjoins Defendant from continuing to violate Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment
### Under Ohio Common Law

88. Plaintiff incorporates the preceding allegations as if fully set forth herein.

89. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Plaintiff's expense. Since the 1950s, Plaintiff has invested significant time, resources, and expense into building a successful national AEP brand.

90. Defendant, by appropriating the AEP Marks and making use of the Accused Marks, profits off Plaintiff's labor without the cost of investment. Therefore, Defendant is unjustly enriched by benefitting from the goodwill Plaintiff has acquired in the AEP Marks.

91. Defendant's acts of unjust enrichment have damaged Plaintiff.

92. Defendant has irreparably injured Plaintiff. Defendant will continue to irreparably injure Plaintiff unless this Court preliminarily and permanently enjoins Defendant from continuing to violate Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following:

    a.    That judgment be entered in favor of Plaintiff against Defendant on each claim made in this Complaint;

    b.    That Defendant, including its agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from using AEP, the Accused AEP Logo, or any other mark confusingly similar to any of the AEP Marks;

    c.    That Defendant, including its agents, servants, employees, attorneys, and all those in active concert or participation with them, be required to immediately and permanently remove AEP, the AEP Accused Logo, and any mark confusingly similar to

any of the AEP Marks, from its website, social media, products, product packaging, and any other forms of advertising and marketing;

  d. That Defendant be ordered to file with this Court and to serve upon Plaintiff within thirty days after the entry and service on Defendant of an injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

  e. That Plaintiff recover all damages it has sustained as a result of Defendant's infringement, false designation of origin and unfair competition, deceptive trade practices, and unjust enrichment, and that such damages be trebled;

  f. That an accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff, and trebled under 15 U.S.C. § 1117(a) or otherwise increased as this Court finds to be just under the circumstances of this case;

  g. That Plaintiff recover its reasonable attorney fees;

  h. That Plaintiff recover its costs of this action and pre- and post-judgment interest; and

  i. That Plaintiff recover such other relief as this Court may find appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial of all issues triable by jury.

Dated: December 5, 2022

Respectfully submitted,

American Electric Power Company, Inc.

By: /s/ Jeffrey S. Standley
Jeffrey S. Standley (Ohio Bar 0047248)
F. Michael Speed, Jr. (Ohio Bar 0067541)
Beverly A. Marsh (Ohio Bar 0080935)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, OH 43017
Telephone: (614)792-5555
Facsimile: (614)792-5536
Email: jstandley@standleyllp.com
mspeed@standleyllp.com
bmarsh@standleyllp.com
litigation @standleyllp.com

*Counsel for Plaintiff American Electric Power Company, Inc.*